UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | No. 2:23-mj-00138-KFW |
| ) | |
| LISA CAMPOS ) | |
| ) | |
| Defendant ) | |

**ORDER ON ELIGIBILITY FOR PRETRIAL DETENTION**

This matter came before me on June 15, 2023, for the Defendant's Initial Appearance on a two-count Criminal Complaint charging in Count I, Fraud and Misuse of Visa, Permit, and Other Document in violation of 18 U.S.C. § 1546(a), and in Count II, Aggravated Identity Theft in violation of 18 U.S.C. §1028A(a)(1) and 1028A(b). *See* ECF No. 1.  The Defendant appeared with counsel and knowingly and voluntarily waived her right to a preliminary hearing.

The Government filed a Motion for Detention under the Bail Reform Act, ECF No. 6, asserting that the case is eligible for detention based on a "serious risk" the Defendant will flee.  *See* 18 U.S.C. § 3142(f)(2)(A).[1]  The Government requested a brief continuance to prepare for the hearing.  The Defendant filed an Objection to Motion for Detention, ECF No. 8, and argued that there is no basis to detain the

---

[1] The Government also in its Motion checked the box for eligibility for detention based on a serious risk the Defendant will obstruct or attempt to obstruct justice.  At a hearing held on this date, the Government did not argue obstruction as a basis for holding a detention hearing.

1

Defendant, seeking her immediate release or release pending a full detention hearing.

If at the initial appearance, the Government requests that a defendant be detained, the Court is only authorized to hold a detention hearing if the case fits within one of the enumerated bases set forth in Section 3142(f).  *See U.S. v. Ploof*, 851 F.2d 7, 11 (1st Cir. 1988); *U.S. v. Himler*, 797 F.2d 156, 160 (3d Cir. 1986).  The threshold issue before me was a narrow one:  whether the Government demonstrated that there is a serious risk the Defendant will flee, such that the matter is eligible for detention in the first instance.  It is only if the answer to that inquiry is in the affirmative that the matter can proceed to a detention hearing, at which point the inquiry shifts to whether there are conditions of release that can be fashioned that will reasonably assure the Defendant's appearance and the safety of the community, based on an assessment of several factors.  *See* 18 U.S.C. §§ 3142(e), 3142(f), 3142(g).

After robust presentations and argument by counsel on the threshold point, I found that the Government has demonstrated that there is a serious risk of flight such that a detention hearing may proceed.

The Government was required to proffer some evidence that the case presents a serious risk of flight, and not just the baseline risk posed in any federal criminal case.  The analysis is necessarily fact intensive and specific to the circumstances of this matter and this Defendant.  Here, the Defendant is charged with crimes of fraud and deceit.  She allegedly went to three different financial institutions over a swathe of miles in Maine between May 10 and May 11, 2023, using the identity of and a

counterfeit passport card impersonating another person to obtain funds. She had been charged just a couple weeks earlier in Scarsdale, New York with similar crimes: possession of a forged instrument, grand larceny, identity theft, criminal impersonation, and false impersonation. Moreover, the Affidavit of Special Agent Sullivan supporting probable cause for the Criminal Complaint outline the Defendant's post-*Miranda* statements that she was forced to conduct fraudulent transactions by other individuals, including in New York, and that she traveled with other individuals to Maine where demands were made for her to conduct serial fraudulent transactions. The combination of Defendant's interstate travels with attendant alleged crimes, that she may have connections and access to others prepared to move about with her, and that she has no ties whatsoever to this District make her more than an ordinary risk of flight.

For these reasons and for the reasons detailed on the record, the Court **FINDS** that the Government has demonstrated a serious risk of flight such that a detention hearing under the Bail Reform Act may proceed. It is therefore **ORDERED** that a continued detention hearing in this matter be set for June 20, 2023 at 11 a.m. before United States Magistrate Judge Karen Frink Wolf, 156 Federal Street, Portland, Maine. It is further **ORDERED** that the Defendant be held in custody by the United States Marshal pending the continued hearing and shall be produced for the hearing.

Dated: June 15, 2023

/s/ Karen Frink Wolf
United States Magistrate Judge